## UNITED STATES v. PERSONAL FINANCE CO. OF NEW YORK.

United States District Court
S. D. New York.

Dec. 13, 1952.

Myles J. Lane, U. S. Atty., New York City, Samuel S. Burman and Leonard Maran, Asst. U. S. Attys., New York City, of counsel, for United States of America.

Gallop Climenko & Gould, New York City, Jesse Climenko, Martin I. Shelton and Arthur S. Friedman, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The defendant, named in a 1,018 count information, moved to dismiss various counts upon the ground that they failed to charge a crime and that all but seven were duplicitous. While this motion was sub judice, the prosecution, atlhough disputing the alleged invalidity of the counts so attacked, made the present motion for leave to serve an amended information. The stated purpose is for "amplification and clarification" and "to make more definite and certain the particular offenses" charged in the original information. It is conceded that no impediment exists to the filing of a superseding information. The sole reason assigned for not doing so is "in order to save a great deal of typing and clerical work."

The original information charges violations of Section 601 of the Defense Production Act [1] and Regulation W,[2] promulgated thereunder by the Board of Governors of the Federal Reserve System.

## I

The defendant's motion to dismiss was directed towards counts 1 to 95, hereafter referred to as Group I, counts 307–987, hereafter referred to as Group VI, and counts 998–1018, hereafter referred to as Group VII. The counts in each of the three groups are preceded by a charging paragraph. It is these paragraphs which the prosecution now seeks to amend pursuant to Rule 7(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides:

"The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The Government's application raises the issue whether or not the proposed amended information charges offenses additional to, or different from, those charged in the original information.

The charging paragraph of Group I of the original information alleges that defendant

"did not preserve true and correct books of account, records and other papers, and * * * falsified, kept and maintained false records to conceal the true purposes of loans made to borrowers, as prohibited by the regulation." (Citing Section 8(a) of Regulation W.)

The proposed amendment to Group I would delete the foregoing and substitute therefor a charge that defendant

"did * * * fail and omit to perform a duty required of it under [Regulation W], in that the said defendant did not preserve for the life of the obligations to which they relate * * * such books of account, records and other papers, including statements and agreements or photographic reproductions thereof, required by and obtained pursuant to said Regulation, as were relevant to establishing whether or not the credits qualified for exemption under Section 7 of said Regulation and whether or not they were otherwise in conformity with the requirements of said Regulation." (Citing Sections 7 (i) and 8(a) of Regulation W.)

Thus, the basic question is whether the proposed accusation of failure to preserve "for the life of the obligations to which they relate * * * such books of account,

---

1. 50 U.S.C.A.Appendix, § 2131, repealed by § 116(a) of Defense Production Act Amendments of 1952, 1952 U.S.Code Congressional and Administrative News, 82nd Congress, 2nd Session, page 3037.

2. 32A, Code of Federal Regulations (hereafter cited as CFR), Ch. XV, Regulation W.

records and other papers * * * as were relevant to establishing whether or not the credits qualified for exemption under Section 7 * * *" is different from the original charge of failure to preserve true records and the falsification of records to conceal the true purposes of loans.

The proposed amendment is substantially in the language of Section 8(a), which is entitled "Preservation of Records; Inspection." [3] Section 8(a) imposes upon a registrant no duty to make and keep any particular books of account, records and papers [4] (other than statements or agreements under the regulation). Thus, each registrant may keep such books of account and records as conform to his own requirements. The only affirmative duty imposed is that he preserve such records as are maintained and such statements as are relevant to establishing whether or not a credit qualifies for exemption under Section 7, or is otherwise in conformity with the requirements of the regulation. These were to be available for inspection as provided for under paragraph 2 of Section 8(a), [5] and in the event the inspection proved unsatisfactory, the registrant was to furnish such information to the Board "under oath or otherwise" as it deemed necessary. In this way the Board

was in a position to ascertain the facts surrounding a given loan.

This careful and precise regulatory scheme is singularly silent on the subject of keeping true and accurate books of account. It must be presumed that ethical business men will keep such books and will not falsify their records and that the Administrator did not contemplate otherwise. But the question here is whether the Administrator manifested an intention to bring such falsification within the scope of the criminal prohibitions of the Act.

■■ We are here dealing with a criminal statute imposing substantial penalties for violations. [6] Statutes or regulations creating crimes are to be strictly construed. [7] Even though falsification of records, the offense originally charged, may be more reprehensible than the proposed amended offense of failure to preserve records, the regulation may not be construed to include the more reprehensible conduct unless its language expressly or by fair implication warrants such a construction. [8] "There are no constructive offenses; and, before one can be punished, it must be shown that his case is plainly within the statute." [9] If it were intended that the falsification of records required to be kept

3. Section 8(a) provides: "Every Registrant shall preserve, for the life of the obligation to which they relate, such books of account, records and other papers (including any statements or agreements required by or obtained pursuant to this regulation) as are relevant to establishing whether or not a credit qualifies for exemption under section 7 of this regulation, or whether or not it is otherwise in conformity with the requirements of this regulation: *Provided, however*, That the Registrant may preserve photographic reproductions in lieu of such books of account, records, or other papers." 32A, CFR, Ch. XV, Regulation W, Section 8(a).

4. Apparently, the Board itself recognized the deficiency of Section 8(a). See Notice of Proposed Rule Making, 17 Federal Register, 2399, stating that the Board was "considering the sufficiency of the provisions of the regulation * * * including the desirability or necessity of

clarifying certain of the provisions." It proposed to amend Section 8(a) to read: "Every Registrant *shall keep or make* such books of account and other appropriate records as may be necessary * * *." (Emphasis supplied.)

5. See 32A, CFR, Ch. XV, Regulation W, Section 8(a).

6. A fine of $5,000 for each offense, or imprisonment for not more than one year, or both. Title 50 U.S.C.A.Appendix, § 2133.

7. United States v. Resnick, 299 U.S. 207, 57 S.Ct. 126, 81 L.Ed. 127. See United States v. Alpers, 338 U.S. 680, 681, 70 S.Ct. 352, 94 L.Ed. 457.

8. Cf. Fasulo v. United States, 272 U.S. 620, 628–629, 47 S.Ct. 200, 71 L.Ed. 443.

9. Fasulo v. United States, supra, footnote 8, 272 U.S. at page 629, 47 S.Ct. at page 202; United States v. Lacher, 134 U S. 624, 628, 10 S.Ct. 625, 33 L.Ed. 1080.

under the credit control section of the Defense Production Act were to be punished criminally, it would have been a simple thing to have proscribed it, as indeed, has been done many times by Congress [10] and administrative agencies.[11]

In M. Kraus & Bros. v. United States, 327 U.S. 614, 66 S.Ct. 705, 707, 90 L.Ed. 894, the Court discussed the scope of a regulation prohibiting evasion of price limitations whether "by direct or indirect methods, in connection with any * * * sale * * * of * * * the commodities prices of which are herein regulated, alone or in conjunction with any other commodity * * *." The Court held that a sale of one commodity upon the condition that another commodity of some value also be bought was not an offense within the meaning of the regulation. In the course of his opinion, Justice Murphy said,

> "* * * patent omissions and uncertainties cannot be disregarded when dealing with a criminal prosecution. A prosecutor in framing an indictment, a court in interpreting the Administrator's regulations or a jury in judging guilt cannot supply that which the Administrator failed to do by express word or fair implication. Not even the Administrator's interpretations of his own regulations can cure an omission or add certainty and definiteness to otherwise vague language. The prohibited conduct must, for criminal purposes, be set forth with clarity * * *. Congress has warned the public to look to [the regulations and rules] alone to discover what conduct is evasive and hence likely to create criminal liability." 327 U.S. at page 622, 66 S.Ct. at page 708.

 This Court should not supply a meaning to Section 8(a) which the Administrator has not seen fit to give it. "Preserve" is not a generic term which includes "shall not falsify" or "shall maintain truly and accurately." "Preserve" means to keep in existence that which one has—true or false. Failure to preserve records would not prove their falsification any more than preservation would establish their accuracy. I hold that a charge of falsification of records to conceal the true purposes of a loan is different from a charge of failure to preserve the required records with respect to such loan. Had the regulation been appropriately drawn, defendant could have been charged with the commission of two separate and independent crimes.

## II

The charging paragraph of Group VI of the original information, containing counts 307 to 987, alleges that the defendant

> "failed to accept in good faith * * * and failed to obtain and failed to keep and cause to be completed, and failed to keep and maintain, a written statement signed by the borrower certifying to the Reconstruction Finance Corporation * * *." 32A, CFR, Ch. V, Regulation 2, Section 21; and those promulgated with respect to 50 U.S.C.A. Appendix, § 2071 (priorities and allocations): "Each person who makes any use of the allotment symbol MRO or the rating DO–MRO * * * shall make and preserve * * * for at least 3 years accurate and complete records." 32A, CFR, Ch. VI, CMP Regulation 5, Section 14. Section 17 of Regulation 5 provides that "Any person * * * who wilfully furnishes false information or conceals any material fact * * *" is guilty of a crime. (Emphasis supplied.)

10. See, for example, The Fair Labor Standards Act, 29 U.S.C.A. § 215(a) (5), specifically prohibiting the keeping of records required by Section 211(c), or regulations and orders thereunder, knowing them "to be false in a material respect." Cf. Hertz Drivurself Stations v. United States, 8 Cir., 150 F.2d 923. The Administrative Regulations under The Fair Labor Standards Act set forth in great detail the sort of records required. See 29 CFR Section 516.

11. See, for example, regulations promulgated under 50 U.S.C.A. Appendix, § 2154: "The borrower shall (a) keep proper books of account in a manner satisfactory

that the proceeds are to be used for bona fide" educational, medical and similar expenses as enumerated therein. (Section 7(i) of Regulation W is cited.)

The charging paragraph of Group VII in the original information, containing counts 988 to 1018, alleges that the defendant

"did make installment loans and accept, keep and maintain improper and inconsistent records and written statements signed by the borrowers" certifying that the proceeds are to be used for educational and medical purposes, as enumerated therein. (Sections 4(d) and 7(i) are cited.)

The proposed amendment drops the two charging paragraphs of Groups VI and VII and lumps together in a new charging paragraph all the counts formerly preceded by the two charging paragraphs of these groups.[12] The new one charges that the defendant

"made instalment loans * * * which do not comply with the requirements of Section 4(a) (b), in that it made unclassified instalment loans and that it made loans which it knew and had reason to know that the proceeds of said loans were to be used to purchase articles listed in the aforesaid regulations, knowing that the principal amount of said loans exceeded the maximum loan values specified for such listed articles, and knowing that the maturity date of the instalment credits for the unclassified loans and the listed articles exceeded the maximum maturity specified for such unclassified instalment loans and for the listed articles under the Regulation [Sections 4(a) (b)]." (Citing Sections 4(a) (b) and 7(i).

In substance, Sections 4(a) and 4(b) deal with two types of installment credit financing covering (1) listed articles, and (2) unclassified loans. Listed articles are specified and include such items as automobiles, refrigerators, washing machines and radios and here there is a limitation as to the amount of the loan and the maturity according to the particular article. In the case of unclassified loans, there is a limitation as to maturity. Section 7(i) exempts from the general provisions of Regulation W, and hence, from any limitation, loans made for bona fide educational, medical and like expenses, where a registrant in good faith accepts a statement by the borrower certifying to the purpose of the loan.

■ Without going into the question of whether Groups VI and VII of the original information charge a crime, it is apparent from a cursory comparison of the original and the amended information that the latter charges "additional or new" offenses. The original Group VI alleges a failure to obtain and keep described statements of borrowers with respect to the medical and educational loans specified in Section 7(i). The original Group VII alleges the making of installment loans and the acceptance of improper and inconsistent statements by borrowers that the proceeds were to be used for educational and medical purposes. The original charging paragraph of Group VI cites Section 7(i) and that of Group VII cites Section 7(i) and 4(d)[13] of the regulation. But the proposed amendment, in lumping together Groups VI and VII, charges that unclassified installment loans were in excess of the maximum maturity dates, and that listed article loans were made in excess of the maximum loan values and the maximum maturity dates, all contrary to the regulation, and the body of the charging paragraph relies upon entirely different sections, to wit, 4(a) and 4(b).

---

12. Actually, the notice of motion and the accompanying affidavit state that the amendment is proposed for counts 308 to 1018. Count 307 has been omitted.

13. Section 4(d) requires the registrant to obtain a statement of the borrower as to the purposes of a loan coming under Sections 4(a) and (b).

There are other factors prompting the conclusion that the proposed amendment to Groups VI and VII charges new or different offenses and that it would further confuse, rather than clarify, the information, but it would serve no useful purpose to set them forth. It is enough to say that the proposed amendment defines different offenses from those charged originally and, hence, is prescribed under Rule 7(e).

■ The Federal Rules of Criminal Procedure should be construed "to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." [14] They were designed to "eliminate outmoded technicalities * * *." [15] But Rule 7(e) plainly makes as a condition of permitting amendment of an information that no new or different offense be charged therein. The Government has failed to show that it comes within the rule; it has merely adverted to the stenographic burden which would attach to it were it required to file a superseding information. If the amendment were here permitted, Rule 7(e) would be emptied of meaning and defendant deprived of a right given it by the rule. Otherwise there would have been no point to including "if no additional or different offense is charged;" it would have been necessary to provide only that amendment would not be allowed "if substantial rights of the defendant are not prejudiced." The elimination of technicalities does not require the obliteration of the rules.

The motion to amend is denied.

In view of the foregoing disposition, the Court will withhold further consideration of defendant's motion for twenty days in order to afford the Government an opportunity to file a superseding information.

Settle order on notice.

14. Rule 2.

15. 4 Barron, Federal Practice and Procedure 16.