# ROLSTON WALTERS, Appellant
## v.
# GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

D.C. Crim. App. No. 1996/2A

T.C. Crim. No. 290/1994

District Court of the Virgin Islands

Div. of St. Croix

March 14, 1997

HAROLD W. L. WILLOCKS, ESQ., St. Croix, U.S.V.I., *for Appellant*

MARIA S. O'NEAL WALLACE, ESQ., and MAUREEN PHELAN CORMIER, ESQ., (V.I. Department of Justice), St. Thomas, U.S.V.I., *for Appellee*

MOORE, *Chief Judge*, FINCH and DIASE, *Judges*

## OPINION OF THE COURT

The issues presented on appeal are: 1) whether the amendment of Count VI of the Information after the close of the Government's case-in-chief was prejudicial to the Defendant; 2) whether the Government proved all elements of Count VI of the Information charging Arson in the Second Degree beyond a reasonable doubt; and 3) whether the Government proved all elements of Count V of the Information charging Burglary in the First Degree beyond a reasonable doubt. For the reasons which follow, this Court will affirm appellant's conviction on Counts V and VI.

## FACTS

Rolston Walters ["appellant"] was charged in a six (6) count Information with single counts of aggravated rape, attempted murder, assault in the first degree, possession of a deadly weapon during the commission of a crime of violence, burglary in the first degree, and arson in the second degree.[1]

An Amended Information was then filed for the purpose of clarifying or correcting Code sections. Then, at the close of its

---

[1] The multi-count Information (which contained numerous errors) charged: Count I: Aggravated Rape in violation of V.I. CODE ANN. tit. 14, § 1700(c); Count II: Attempted Murder in the First Degree in violation of 14 V.I.C. §§ 921, 922(a)(2) and 331(1); Count III: Assault in the First Degree in violation of 14 V.I.C. § 295(2); Count IV: Possession of a Deadly Weapon During the Commission of a Crime of Violence in violation of §§ 2251(a)(2)(B) and 2254; Count V: Burglary in the First Degree in violation of § 444(4)

case-in-chief, the Government moved to amend Count VI of the Information to charge arson in the second degree in violation of 14 V.I.C. § 253. The trial court granted the motion to amend.

On December 16, 1994, after a jury trial, the jury returned a verdict of not guilty on Counts I through IV of the Information, but found appellant guilty on Counts V and VI, burglary in the first degree and arson in the second degree respectively. Then, on December 28, 1994, appellant renewed the motion for judgment of acquittal on Count V, first degree burglary, pursuant to Federal Rules of Civil Procedure Rule 29(c). The trial court denied appellant's motion for acquittal, and, on May 3, 1995, appellant was sentenced to concurrent terms of 15 years imprisonment on the burglary count and 10 years on the arson count. Appellant's timely notice of appeal was filed on or about May 11, 1995. ·

## DISCUSSION

### A. Jurisdiction

This Court has appellate jurisdiction, pursuant to V. I. CODE ANN. tit. 4, § 33 and Section 23A of the Revised Organic Act of 1954, to review judgments and orders of the Territorial Court in all criminal cases in which the defendant has been convicted, other than a plea of guilty.

### B. Standard of Review

█ Whether the court erred in granting the Government's motion to amend the Information after the close of the Government's case-in-chief is subject to plenary review. This Court has previously stated that when reviewing the application of the Federal Rules of Criminal Procedure, in this case FED. R. CRIM. P. 7(e), the standard of review is plenary. *Cheatham v. Government of the Virgin Islands*, 30 V.I. 296, 300 (D.V.I. APP. 1994) (citing *Government of the Virgin Islands v. Douglas*, 812 F.2d 822, 825 (3d Cir. 1987)). Our review of the sufficiency of the record to support the convictions is also plenary. *See Charleswell v. Government of the Virgin Islands*, 167 F.R.D. 674, (D.V.I. APP. 1996); *Sanchez v. Government of the Virgin Islands*, 34 V.I. 105, 921 F. Supp. 297, 299 (D.V.I. APP.

and 16 V.I.C. § 99(d); and Count VI: Arson in the Second Degree in violation V.I.C. § 252.

1996); *Smalls v. Government of the Virgin Islands*, 1994 U.S. Dist. LEXIS 6286 (D.V.I. APP. 1994).

## C. Arson

### 1) Amending the Information After the Close of the Case in Chief

Appellant avers that the amendment to Count VI of the Information after the close of the Government's case-in-chief was prejudicial to the defense. Appellee, on the other hand, contends that the amendment of Count VI was not prejudicial to appellant, and did not charge any new or additional offense.

Count VI of the Information initially charged:

> ROLSTON WALTERS, did maliciously burn a building of another, a 1992 Nissan Sentra belonging to Venita King, in violation of Title 14 Virgin Islands Code Section 252. (ARSON SECOND DEGREE).

(Appendix to Appellant's Brief ["App. to Brief"] at V). This charge is problematic in that § 252 refers to arson in the first degree, not arson in the second degree. 14 V.I.C. § 252 provides in pertinent part: ·

> **Arson in the first degree**
> (a) Whoever maliciously burns in the night time an inhabited building[2] in which there is at the time some human being, is guilty of arson in the first degree and shall be imprisoned not more that 20 years.

(Footnote added).
14 V.I.C. § 253 provides:

> **Arson in the second degree**
> Whoever maliciously burns any building of another[3] with intent to destroy it under circumstances not amount-

---

[2] 14 V.I.C. § 251 defines "building" as "any *vehicle*, house, edifice, structure, vessel, or other erection, capable of affording shelter to human beings, or appurtenant to or connected with an erection so adapted." (Emphasis added).

[3] 14 V.I.C. § 251 defines "building of another" as "a building, or any part thereof, which at the time of the burning, was rightfully in the possession of, or was actually occupied by, a person other than the accused, and does not mean that a person other than the accused shall have had ownership in the building."

ing to arson in the first degree, shall be imprisoned not more than 10 years.

(Footnote added).

After the close of the Government's case-in-chief, a hearing was held to address Defendant's Rule 29 motion for judgment of acquittal. Counsel for appellant moved for the dismissal of Count VI on the grounds the Government had failed to prove, as required by the elements of arson in the first degree, that the building (vehicle) was inhabited, particularly since a firefighter had testified that no one was in the car at the time of the fire. In response to appellant's motion, the Government moved to Amend Count VI to read as follows:

> ROLSTON WALTERS, did maliciously burn a building of another, a 1992 Nissan Sentra belonging to Venita King, in violation of Title 14 Virgin Islands Code Section 252(a). (ARSON FIRST DEGREE).

(App. to Brief, Trial Transcript ["T.T.", Vol. IV of V at 52 (emphasis added)). The Court denied the Government's motion to amend the charge to arson in the first degree because it would be prejudicial to the defense at that juncture of the proceedings, and, as the trial judge stated, particularly since "Count VI as it reads really charges Arson in the *Second* Degree." (*Id.* at 54-55). Once again, the Government moved to amend Count VI, this time to charge a "violation of Title 14 Virgin Islands Code Section 252(a) Arson in the Second Degree." (*Id.* at 56 (emphasis added)). Before deciding on the motion to amend Count VI, the trial court specifically inquired as to prejudice to the defense. In response to the court's query, counsel for appellant stated that second degree arson carries an additional element not contained in arson in the first degree, that is, the intent to destroy. (T.T., Vol. IV of V at 54-55). In fact, appellant argued:

> There was no discussion on my cross examination—I never touched on to the Arson in the Second because it was never charged. If Arson in the Second·Degree was the lesser included, I may have understood that, but they are clearly different, and clearly, defense is at a total disad-

vantage. The Government is now changing its charges to where there are additional elements.

*Id.* at 55.

Counsel for the Government was apparently confused about which Code section charges arson in the second degree. To alleviate the confusion, the trial judge granted the Government's motion to amend, but stated that "the correct citation will be Section 253 and not 252(a)." (*Id.* at 57). The court denied the defense's motion for dismissal of Count VI.

### TABLE OF MOTIONS AND RULINGS
### ON COUNT SIX OF THE INFORMATION [4]

| | CODE SECTION | CHARGE | REASON FOR MOTION | COURT'S RULING |
|---|---|---|---|---|
| INFORMATION | § 252 | Arson in the First Degree | | |
| AMENDED INFORMATION | § 252 | Arson in the Second Degree | | |
| Defendant's Rule 29 Motion 12/15/94 | | | Count VI should be dismissed because of the Government's failure to prove that the building (vehicle) was inhabited at the time of the fire. | Denied |
| Government's Motion to Amend Count VI to charge a violation of § 252(a) 12/15/94 | | Arson in the First Degree | | Denied as prejudicial to the defense |
| Government's Motion to Amend Count | | Arson in the Second Degree | | Granted, but court stated that |

---

[4] Appellant contends that the jury must have been confused by these constant amendments to the Information, but these motions to amend, and any other substantive discussions as to the charges took place out of the hearing of the jury. Therefore, to argue jury confusion is not very convincing.

| | CODE SECTION | CHARGE | REASON FOR MOTION | COURT'S RULING |
|---|---|---|---|---|
| VI to charge a violation of 252(a) | | | | the correct section to be charged was § 253. |

■ ■ Rule 7(e) of the Federal Rules of Criminal Procedure provides:[5]

> **(e) Amendment of Information.** The courts may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

The Third Circuit Court of Appeals has stated that "an information may be amended to charge a lesser included offense initially charged, provided substantial rights of the defendant are not prejudiced. Because a lesser included offense is, by definition, composed exclusively of some, but not all, of the elements of the offense charged, it would never constitute a 'different' offense, and seldom an 'additional' offense within the meaning of Rule 7(e)." *Government of the Virgin Islands v. Bedford*, 671 F.2d 758, 765 (3d Cir. 1982). Although counsel for the Government believed that arson in the second degree was a lesser included offense of arson in the first degree (T.T., Vol. IV of V at 52-53), appellant correctly argued that arson in the second degree is not a lesser included offense. There is also no indication in the record that the trial judge granted the amendment to Count VI with the belief that arson in the second degree was a lesser included offense. The Court of Appeals in *Bedford* stated, and we recognize, that:

> The question of whether a crime is an "additional or different" offense for the purposes of amending an information pursuant to Rule 7(e) is not coextensive with the question of whether a crime is a lesser included offense of

---

[5] The requirements of FED.R.CRIM.P. 7(e) are cumulative. *See Government of the Virgin Islands v. Bedford*, 671 F.2d 758, 764 (3d Cir. 1982) (*citing United States v. Personal Finance Company of New York*, 13 F.R.D. 306, 311 (S.D.N.Y. 1952)); 8 James Wm. Moore Et Al., Moore's Federal Practice ¶ 7.05(2), at 7-26 (1979).

another. Although the amending of an information to include a lesser included offense will rarely violate the first requirement of Rule 7(e) (that no additional or different offense be charged), it is not necessarily true that the amending of an information to include a crime which is not a lesser included offense will violate the rule.
671 F.2d at 765 (3d Cir. 1982).

■ Arson in the second degree differs from arson in the first degree in that it not only requires the 'intent to destroy', but also requires the burning of any 'building of another'. As indicated in the margins above (footnotes 2 and 3), 14 V.I.C. § 251 differentiates between a 'building' and 'building of another' — a distinction clearly made in the different arson charges. In light of these differences, arson in the second degree is not a lesser included offense of arson in the first degree.

This Court in examining whether the defense was prejudiced by the amendment to the Information after the close of the Government's case, finds that there was no prejudice which would constitute reversible error. By examining the language of Count VI as it existed throughout the presentation of the government's case-in-chief, it is evident that the element missing from the charge was the 'intent to destroy.' After the trial court ruled that the Government's motion to amend would be granted, the following colloquy took place:

MR. WILLOCKS: Given the ruling of the Court, your Honor, defense moves again on Rule 29 that the Government did not show, even with the evidence being more favorable to the Government, that it was an intent to destroy the car. . . .

THE COURT: Well, with regard to the motion to dismiss because there has been insufficient proof as to intent to destroy, intent as you well know, Attorney Willocks, is something that can be inferred by the jury from the circumstances of this case.

Not one, but at least two witnesses have testified, at least two, I believe three, testified that the cabinet door was opened. The victim testified that she saw the defen-

dant go and take the matches; that she looked out the door after he left the house; she immediately saw a huge flame; and the next thing she knew her neighbors were at her home telling her that the house was on fire. That is very, very strong circumstantial evidence that the defendant set fire to the victim's vehicle with the intent to destroy it. What other possible intent can a reasonable jury derive from the circumstances of this case? The motion is denied sir.

(T.T., Vol. IV of V at 57-58).

■■ The trial court addressed the element of intent required and aptly stated that such intent could be inferred from the circumstances. It is a well settled legal tenet that intent is a question of fact which "need not be proved by positive or direct evidence but may be inferred from the conduct of the parties and other facts and circumstances disclosed by the evidence." *Government of the Virgin Islands v. Albert*, 18 V.I. 21, 24 (D.V.I. 1980) (citing *Larsen v. State*, 86 Nev. 451, 470 P.2d 417, 418 (1970)).[6] There is also no indication that the amendment of Count VI was a last minute surprise to the defense, considering that the charge as it existed throughout the Government's case effectively charged arson in the second degree, but for the element of intent. For the above-stated reasons, the Court concludes that the amendment to the Information charging Count VI after the close of the Government's case in chief did not prejudice appellant.

*2) Whether the Government proved the elements of Arson in the Second Degree Beyond a Reasonable Doubt.*

■ Appellant alleges that there is a gross variation between the crime charged and the proof presented. (Appellant's Brief at 10). A review of the record, however, does not indicate any gross variation which would require reversal of appellant's conviction on Count VI. To prove the elements of arson in the second degree, the Government had the burden of proving that appellant: 1) maliciously burned, 2) the building (vehicle) of another, 3) with intent

---

[6] *See Government v. Frett* , 14 V.I. 315, 324 (Terr. Ct. 1978); *Government v. Hodge* , 7 V.I. 73, 80 (D.V.I. 1968).

to destroy it, 4) under circumstances not amounting to arson in the first degree. A "judgment of acquittal must be granted when, viewing the evidence in the light most favorable to the Government, th[e] Court determines as a matter of law that a reasonable jury could not find the defendant guilty beyond a reasonable doubt. FED. R. CRIM. P. 29(c)." *Charleswell v. Government of the Virgin Islands*, 167 F.R.D. 674, (D.V.I. APP. 1996).

The first element to be proved was that the car was burned maliciously. The testimony of Venita King ["King"], was that after appellant raped her, and cut her throat[7]

> he proceed to the kitchen. He . . . opened the cupboard—two cupboard doors and he reach for the matches. I saw him with something in his hand. I figured it was the matches . . . . He went to the kitchen door and outside.
>
> A few minutes later I saw a big flash fire. And then I heard the car because the car was computerize. It start blowing.

(T.T., Vol. II of V at 175-76). In fact, on direct examination, appellant admitted to burning the car. (*Id.* at Vol. IV of V at 82-83).

The next element is whether the vehicle was jointly owned by appellant and Ms. King. Appellant contends that "[n]either the possession nor the title to the vehicle burned was established beyond a reasonable doubt." (Appellant's Brief at 16). Testimony was taken on this issue with Ms. King maintaining that the car belonged to her solely, and appellant arguing that although his name was not on the title papers, he had contributed substantial sums to its purchase. The Government maintained that "the registration is, indeed, the final indicia of title, and [Rolston Walters] admits of his own volition that he is not the owner." (App. to Brief, T.T., Vol. IV of V at 112). In response, the trial judge stated:

> Well, the registration may be the final indicia of title, but it is certainly not the final indicia of ownership. There is such a thing . . . called actual ownership in the law where a person may prove that they are the actual owner

---

[7] The cut to the victim's neck required three (3) stitches, and a rape kit was prepared at the hospital.

of a vehicle despite the fact that title is not in their name. In any event, I think that the victim's testimony that the car was hers, when you couple that with Defendant's admission that title was in her name, is sufficient for the jury to find beyond a reasonable doubt that the car was, in fact, hers. What we have here is merely a matter of credibility and the jury may choose who to believe.

(*Id.*) The factual question of ownership was put to the jury, and in weighing those facts they decided the element of ownership in favor of Venita King.

As to the intent to destroy, appellant stated on direct examination that he burned the car because Ms. King would not pay him the money she owed him. (T.T., Vol. IV of V at 82). The issue of intent is, therefore, moot.

■ Finally, the Government simply had to prove that the circumstances of this crime did not amount to arson in the first degree which would have required that the building (vehicle) be burned at night with a person in 1992 Nissan Sentra at the time of the burning. As the testimony of the fireperson indicated, there was no one in the Nissan Sentra when it burned. (*Id.* at Vol. II of V at 158). This evidence may have been introduced for the purpose of proving that the crime did not amount to arson in the first degree. Appellant's contention is that the Government only raised this issue because it was basing its case-in-chief on the charge of arson in the first degree,[8] but this argument is unconvincing where the remaining language of the charge is geared toward arson in the second degree. Based upon the foregoing, this panel finds that the Government met its burden of proof as to the elements of arson in the second degree.

## D. Burglary

Appellant was convicted in Count V of burglary in the first

---

[8] Appellant's Brief at 8.

degree in violation of 14 V.I.C. § 442(4)[9] and 16 V.I.C. § 99(d):[10]

### § 442. Burglary in the first degree

Whoever, with intent to commit an offense therein, breaks and enters a dwelling house, building, or structure of another, in which there is at the time a human being—

. . . .

(4) while engaged in effecting such entrance, or in committing any offense therein, or in escaping therefrom, assaults any person—is guilty of burglary in the first degree . . . .

### TABLE OF COUNT FIVE OF THE INFORMATION
### BURGLARY IN THE FIRST DEGREE

|  | CHARGE IN CAPTION | CHARGE WITHIN THE INFORMATION | FINAL CHARGE |
|---|---|---|---|
| INFORMATION | BURGLARY IN THE FIRST DEGREE § 422(1) | BURGLARY IN THE FIRST DEGREE § 444(4) |  |
| AMENDED INFORMATION | BURGLARY IN THE THIRD DEGREE § 422(1) | BURGLARY IN THE FIRST DEGREE § 444(4) |  |
| CHARGE SUBMITTED TO JURY |  |  | BURGLARY IN THE FIRST DEGREE § 442(4) |
| JUDGMENT & COMMITMENT DATED 02/20/96 NUNC PRO TUNC TO 05/03/95 |  |  | BURGLARY IN THE FIRST DEGREE § 442(4) |

■ Appellant avers that the jury's verdict finding him guilty of burglary in the first degree with the intent to commit the crime of domestic violence (i.e. assault) is inconsistent with its finding of not guilty of assault in the first degree (Count III). Before appellant could be found guilty of burglary in the first degree, the Govern-

---

[9] In charging Burglary in the First Degree, the Government made repeated typographical errors in the Information, which in turn caused confusion, so much so that on appeal, counsel for the Government mistakenly refers to 14 V.I.C. § 444(4) in the brief. There is no § 444(4), but the Government nevertheless argues with a focus on § 442(4) (Burglary in the First Degree).

[10] 16 V.I.C. § 99(d) delineates the elements of domestic violence, and assault is listed as an act of domestic violence pursuant to 16 V.I.C. § 91(c).

ment must prove beyond a reasonable doubt: 1) that appellant broke and entered the dwelling house of Venita King, 2) in which there was a human being, 3) with the intent to commit an offense (first degree assault) therein, and 4) while engaged in effecting such entrance, or in committing any offense therein, or in escaping therefrom, appellant assaulted Venita King. As element four indicates, a completed assault is an element of burglary in the first degree, subsection four (4). It is, however, conceivable that the jury found that appellant assaulted Venita King, but that the assault did not rise to the level of an assault in the first degree (as charged in Count III). Subsection four (4) of burglary in the first degree does not specify which level of assault is necessary to complete the offense. As such, the verdicts on Count III (Not Guilty—Assault in the First Degree) and Count V (Guilty—Burglary in the First Degree) have not been shown to be inconsistent.

The Court of Appeals for the Third Circuit has addressed the issue of inconsistent verdicts:

> Under the applicable statute, burglary in the third degree is committed whenever someone *with intent to commit an offense therein, breaks and enters a dwelling house.* . . . The statute does not require that an offense have been committed within the dwelling, just that there be the intent to commit an offense. [Appellant's] acquittal on the grand larceny charge means, at most, that the jury was unable to find beyond a reasonable doubt that [appellant] took property of $ 100 dollars or more in value . . . . This did not preclude the jury from having found that he broke in and entered the . . . home with the intent to commit an offense, to wit, grand larceny as charged in the information.

*Government of the Virgin Islands v. Edwards,* 903 F.2d 267, 271 (3d Cir. 1990) (emphasis in original). As the Supreme Court has noted, consistency in the verdict is not necessary, and each count is regarded as if it were separate. *U.S. v. Powell,* 105 S. Ct. 471, 475, 83 L. Ed. 2d 461 (1984) (citing *Latham v. The Queen,* 5 Best & Smith 635, 642, 643). The Supreme Court has also held that there is an "unreviewable power of a jury to return a verdict of not guilty for

impermissible reasons." *Harris v. Rivera*, 102 S. Ct. 460, 464, 70 L. Ed. 2d 530 (1981). However, assuming arguendo that the verdicts are inconsistent, the Court of Appeals in *Edwards*

> made clear that such verdicts are often the result of jury leniency, that the basis for the inconsistency may be in the jury's lenity to the acquittal rather than in the conviction, and that the defendant is adequately protected from jury irrationality by the review of the sufficiency of the evidence which would be undertaken by both the trial and appellate courts.

*Edwards* at 271, *citing U.S. v. Powell*, 469 U.S. 57, 105 S. Ct. 471, 476-77, 83 L. Ed. 2d 461 (1984). The Government presented evidence as to each element of burglary in the first degree, and, as stated earlier, intent can be inferred from the circumstances of the case. As such, this Court finds that the Government met its burden of proof as to the elements of burglary in the first degree, and that there was no reversible error.

### CONCLUSION

Although the Information in this case was sloppily drafted, the trial court entertained various attempts to correct the confusion while trying to be fair to both parties. A "defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials."[11] Our review of the record reveals no reversible errors, and for the above-stated reasons, appellant's conviction is affirmed.

DATED this 14th day of March, 1997.

### ORDER OF THE COURT

AND NOW, this 14th day of March 1997, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that appellant's conviction in the Territorial Court is AFFIRMED.

---

[11] *Government v. Bedford* , 671 F.2d 758, 762 (3d Cir. 1982) (*citing Brown v. United States* , 411 U.S. 223, 93 S. Ct. 1565, 1570-71, 36 L. Ed. 2d 208 (1973), *quoting Lutwak v. U.S.* , 344 U.S. 604, 73 S. Ct. 481, 490, 97 L. Ed. 593 (1953)).