John **PARSON** a/k/a Lester Arnold Parson, Appellant,

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

No. D.C.Crim.1998/167.

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

Considered: Feb. 28, 2001.

Filed: Sept. 20, 2001.

Gwynneth Moolenaar, St. Thomas, U.S. Virgin Islands, for appellant.

Joel H. Feld, Assistant Attorney General Department of Justice, St. Thomas, U.S. Virgin Islands, for appellee.

BEFORE: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of District Court of the Virgin Islands; and PATRICIA D. STEELE, Judge of Territorial Court, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

John Parson a/k/a Lester Arnold Parson ["Appellant"] appeals his conviction from the Territorial Court for attempted grand larceny in violation of V.I.CODE ANN. tit. 14, §§ 1081(a), 1083(1), and 331(2). Appellant also appeals the Territorial Court's use of consecutive, rather than concurrent, sentencing for various offenses. With this in mind, the issues presented for review are as follows:

(1) Whether the evidence presented at trial was sufficient to find the Appel-

lant guilty of Attempted Grand Larceny.

(2) Whether the Territorial Court abused its discretion by imposing consecutive sentences after stating at a previous hearing that concurrent sentencing was an option for the Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from an incident on January 28, 1998 at Nisky Moravian Parochial School ["Moravian School"] on St. Thomas. Specifically, the police responded to an alarm at the Moravian School at approximately 1:30 a.m. At that time, school was not in session and the owner of the establishment was not open for business nor was anyone authorized to be on the premises. When the police arrived at the scene, a suspect fled the area and two officers unsuccessfully pursued him. Minutes later, Officer James Marrishow ["Officer Marrishow"] observed an object coming out of a third floor window and shouted "stop, police!" The suspect hurriedly retreated inside the classroom and refused to exit despite several orders by the police. Consequently, a computer worth more than a $100 had been taken from this classroom and placed outside the third floor window near some office equipment, a flashlight and hacksaw. In response, the police surrounded the premises and called for backup from the K–9 unit. Meanwhile, a priest in charge of the school unlocked the door and gave the police access to the computer classroom. The suspect, later identified as the Appellant, unsuccessfully attempted to conceal himself in the classroom and was accosted by the police dog. The police subsequently arrested the Appellant and charged him with attempted grand larceny, burglary in the third degree and unauthorized presence on school premises.

In a jury trial, on May 13, 1998, Appellant was convicted of attempted grand larceny in violation of 14 V.I.C. §§ 1081(a), 1083(1), and 331(2), third degree burglary in violation of 14 V.I.C. § 444(1), and unauthorized presence on school premises in violation of 14 V.I.C. § 1749. Appellant then moved for a Judgment of Acquittal under FED.R.CRIM.P. 29, or, in the alternative, for a new trial under FED.R.CRIM.P. 33. On July 20, 1998, the trial court denied both motions and subsequently sentenced appellant to three (3) years for attempted grand larceny, five (5) years for burglary in the third degree and six (6) months for unauthorized presence on school premises. The sentences ran consecutively for a total of eight (8) years six (6) months. Appellant filed a timely Notice of Appeal on July 1, 1998.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

■ This Court has appellate jurisdiction to review judgments and orders of the Territorial Court in all criminal cases in which the defendant has been convicted, other than on a plea of guilty. 4 V.I.C. § 33; Revised Organic Act §§ 22(c) and 23A(c). Additionally, our review of the sufficiency of the record to support a conviction is plenary. *Walters v. Government of the Virgin Islands,* 172 F.R.D. 165, 36 V.I. 101, 103 (D.V.I.App.Div.1997); *Sanchez v. Government of the Virgin Islands,* 921 F.Supp. 297, 299, 34 V.I. 105 (D.V.I.App.Div.1996); *Smalls v. Government of the Virgin Islands,* 1994 WL 228467, 31 V.I. 121 (D.V.I.App.1994). As such, this Court must sustain the verdict of the jury if, viewing the evidence in the light most favorable to the government, a reasonable mind could find the defendant guilty beyond a reasonable doubt. *United States v. Lake,* 972 F.Supp. 328, 37 V.I. 217, 222 (D.V.I.App.Div.1997) (citing *Unit-*

ed States v. Jenkins, 90 F.3d 814, 817 (3d Cir.1996)). Finally, the standard of review applied to the sentence imposed by a trial court is abuse of discretion. *Government of the Virgin Islands v. Grant,* 21 V.I. 20 (D.V.I.App.1984).

## B. The evidence presented at trial was sufficient to find the Appellant guilty of Attempted Grand Larceny.

As a preliminary matter, Appellant's conviction of burglary in the third degree and the unauthorized presence on school premises are not in contention. Rather, Appellant's appeal centers on the issue of attempted grand larceny.

The Virgin Islands Code provides that a person is guilty of attempt if he unsuccessfully attempts to commit an offense. 14 V.I.C. § 331. This limited definition has been expanded through case law. Specifically, a person is guilty of an attempt to commit a crime when, "acting with the kind of culpability otherwise required for commission of the crime, he ... purposely does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a 'substantial step' in a course of conduct planned to culminate in his commission of the crime." *Cheatham v. Government of the Virgin Islands,* 1994 WL 392578, 20 V.I. 296, 303 (D.V.I.1994); *see also* Model Penal Code § 5.01(1)(c) (1985). Further, the crime of attempt requires an act in furtherance of that attempt which goes beyond mere preparation. 14 V.I.C. § 331; *see also* LAFAVE and SCOTT, CRIMINAL LAW § 59, at 423.

In order to sustain a conviction for an attempt to commit a crime, the government has the burden of proving the following: (1) an intent to commit the crime, (2) and overt act toward its commission, (3) failure of consummation and (4) the apparent possibility of the commission. *Cheatham v. Government of the Virgin*

*Islands,* 1994 WL 392578, 20 V.I. 296, 303 (D.V.I.1994). The government must prove every material element of the offense charged beyond a reasonable doubt. *Walters v. Government of the Virgin Islands,* 172 F.R.D. 165, 36 V.I. 101 (D.V.I.1997); 50 AM.JUR.2D, *Larceny* § 144 (1964). Moreover, the fact that the government uses circumstantial evidence to prove an offense does not make the evidence less probative. *Government of the Virgin Islands v. Williams,* 739 F.2d 936 (3d Cir.1984). Finally, the Virgin Islands Code defines grand larceny as unlawfully taking, stealing, carrying, leading, or driving away the personal property of another, which is valued at a $100.00 or more. *See* 14 V.I.C. §§ 1081, 1083 (1964).

Here, the government presented circumstantial evidence from which the jury could infer that Appellant intended to commit grand larceny. The facts indicate that upon arriving at the Moravian School, police observed the Appellant coming out of a third floor window. Consequently, a computer, valued at upwards of a $100, was found outside this very window. Arguably, Appellant's actions reflect the requisite culpable conduct necessary to commit grand larceny. First, Appellant went beyond mere preparation when he entered the Moravian School with a flashlight, hacksaw and an accomplice. While the intended taking was aborted by the fortuitous arrival of the police, Appellant's act of removing the computer from the premises constitutes a substantial step towards commission of grand larceny. This, coupled with the fact that Appellant is not an employee or agent of the school and had not been given permission to be on the premises at 1:30 a.m., provides ample evidence for the jury to conclude beyond a reasonable doubt that Appellant attempted to commit grand larceny in violation of 14 V.I.C. §§ 1081(a), 1083(1), and 331(2).

Additionally, we find without merit Appellant's assertion that his social association with the accomplice did not give rise to any involvement in grand larceny. It stands to reason that if two unauthorized persons enter private property with a flashlight and hacksaw and remove a computer from the premises their "social relationship" amounts to one of partners in crime. Accordingly, if one culprit escapes, this does not preclude a jury from finding the other, here the Appellant, guilty of attempted grand larceny. Therefore, this Court finds that when the evidence, both direct and circumstantial, is weighed, the jury could in fact find guilt beyond a reasonable doubt.

## C. The consecutive sentences imposed by the Territorial Court should not be reversed when these sentences fall within statutory guidelines.

■ The Revised Organic Act of 1954 provides substantial political autonomy to the Virgin Islands Government. *See Water Isle Hotel & Beach Club, Ltd. v. Kon Tiki St. Thomas, Inc.*, 795 F.2d 325, 327 (3d Cir.1986); *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051 (3d Cir.1982). To that end, the Virgin Islands Legislature may vest in local courts jurisdiction over all cases in the territory except cases in which courts have exclusive jurisdiction granted by the Constitution and laws of the United States. 48 U.S.C § 1611(b); *Polychrome Int'l Corp. v. Krigger*, 5 F.3d 1522, 29 V.I. 311 (3d Cir.1993). The District Court of the Virgin Islands shares concurrent jurisdiction with the Territorial Court over offenses against the criminal laws of the Virgin Islands. Revised Organic Act § 22(c). Accordingly, much deference is given the Virgin Islands Criminal Code ["the Code"] for violations committed within this jurisdiction. *Government of the Virgin Islands v. Dowling*, 866 F.2d 610 (3d Cir.1989). The Code allows local judges to exercise some discretion in sentencing. *United States v. McKie*, 36 V.I. 367, 112 F.3d 626 (3d Cir.1997). When imposing a sentence of imprisonment however, judges are required to specify "... whether a sentence is to be served concurrently with or consecutively to any other sentence imposed at the same time or prior thereto. If the sentences are to be served consecutively, the judgment shall specify when each sentence is to begin with reference to the termination of any other sentence." 5 V.I.C. § 3672.

Against this background, a brief review of the charges and possible sentences in the case *sub judice* is appropriate. First, attempt carries a penalty of imprisonment for not more than one-half of the maximum term, or a fine of not more than one-half of the maximum sum prescribed by law for commission of the offense attempted, or both a fine and imprisonment. 14 V.I.C. § 331(2). Next, grand larceny is punishable by imprisonment of not more than ten years. 14 V.I.C. § 1083. Additionally, a person found guilty of third degree burglary may be incarcerated for no more than five years. 14 V.I.C. § 444. Finally, a conviction for the unauthorized presence on school premises carries a mandatory minimum term of six months and may be fined up to $1,000. 14 V.I.C. § 1749.

■ In the case under consideration, the sentence imposed by the Territorial Court for each offense falls within the sentencing guidelines proscribed by the Code. Specifically, Appellant was sentenced to three (3) years for attempted grand larceny, five (5) years for burglary in the third degree and six (6) months for unauthorized presence on school premises. As required under 5 V.I.C. § 3672, the judge specified that the sentences should run consecutively for a total of eight (8) years six (6) months. Appellant offers no proof, beyond mere speculation, for the proposition that the lower court abused its

discretion by imposing this sentence. In fact, Appellant's main argument is that the judge seemed upset by the preceding case and thus allowed this to color his judgment.

Additionally, Appellant argues that under 14 V.I.C. § 1749(a) consecutive sentencing for first time offenders may only be imposed for a similar crime for the same incident. This argument lacks merit. Title 14 V.I.C. § 1749(a) provides in pertinent part that "a sentence for conviction on any other count for the same incident of unauthorized presence [on school premises], such as vandalism, theft or assault, shall be served consecutively rather than concurrently." This provision does not speak to first time offenders, but requires consecutive sentencing for similar, related crimes. Here, third-degree burglary and attempted grand larceny fall within the penumbra of related offenses arising out of the unauthorized presence on school premises. Accordingly, this Court finds neither harmful nor reversible error in the consecutive sentences imposed by the lower court since it falls within the statutory limits proscribed by the Virgin Islands Legislature and comports with the requirements of 14 V.I.C. § 1749(a).

## III. CONCLUSION

For the foregoing reasons, this Court will uphold Appellant's conviction on the charge of attempted grand larceny. Additionally, we affirm the lower court's sentence because it falls within the statutory limits proscribed by local laws.