## GOVERNMENT EMPLOYEES RETIREMENT SYSTEM,
Appellant

v.

## MARLENE HILL, Appellee

D. Ct. Civ. No. 1993/158

District Court of the Virgin Islands

Div. of St. Croix

October 20, 1994

DENISE R. REOVAN, ESQ., St. Thomas, U.S.V.I., *for Appellant*

THOMAS ALKON, ESQ., (ALKON, RHEA & HART), St. Croix, U.S.V.I., *for Appellee*

THOMAS K. MOORE, *Chief Judge,* District Court of the Virgin Islands; STANLEY S. BROTMAN, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and ISHMAEL A. MEYERS, *Judge,* Territorial Court of the Virgin Islands, St. Thomas and St. John, Sitting by Designation.

On Appeal from the
Territorial Court of the Virgin Islands

## OPINION OF THE COURT

The issue presented is whether the trial court erred in declaring that appellee's application for benefits was timely filed and vacating the Government Employees Retirement System ("GERS" or "appellant") Board of Trustees' decision. We affirm.

## BACKGROUND

On December 9, 1985 appellee Marlene Hill ("Hill" or "appellee") was involved in an automobile accident while traveling to work. At the time, Hill was employed with the Department of Health as a nurse supervisor. She was immediately taken to the emergency room of the St. Croix Hospital where she was hospitalized for seventeen days and treated for back and leg pain by Dr. Pedersen, an orthopedist.

Hill received continuous medical care following her hospitalization. Her treatment included two courses of physical therapy and an examination by a neurosurgeon. When her condition did not improve, she visited Dr. Payne who saw her on December 5, 1986 and January 21, 1987. On January 30, 1987 Dr. Payne issued a report stating that her injuries were permanently incapacitating. Hill then contacted GERS regarding an application for retirement benefits. She was advised to apply for social security benefits before seeking a duty disability annuity. Thereafter, Hill applied for and received social security benefits.

Meanwhile, on December 30, 1985, Hill filed a complaint for damages in the District Court against the other driver, Warren James, and his employer, Virgin Islands Seaplane Shuttle. Hill alleged that she suffered severe and debilitating injuries to her back and other parts of her body due to James' negligence.

On June 30, 1987, Hill applied to GERS for retirement benefits pursuant to V.I. Code Ann. tit. 3, § 708(a) (Equity 1967 & Butterworth Supp. 1993). By letter dated July 8, 1988, GERS advised Hill that she was eligible for non-duty disability under 3 V.I.C. § 710. GERS concluded that Hill was ineligible for duty

disability benefits because she had filed an untimely application. There is no time requirement for filing a non-duty disability application under section 710.

Hill then filed a Petition for Writ of Review in the District Court,[1] and in an Opinion dated December 26, 1991, the court remanded the matter back to GERS for a determination on Hill's duty disability eligibility. The court held that Hill was required to file her petition within six months from the date she "first knew or reasonably should have known of the permanency of her injury." Following an evidentiary hearing, the GERS Board of Trustees concluded that Hill first knew that her injuries were permanent when she filed her District Court complaint on December 30, 1985. GERS held that her application for benefits received on June 30, 1987 was untimely.

Hill filed another Petition for Writ of Review,[2] and by Order dated March 4, 1993, the Territorial Court vacated the GERS decision and held that Hill had knowledge of the permanency of her injuries as of January 1987. The court therefore held that her application for duty disability was timely filed. This appeal ensued.

## DISCUSSION

■ This Court has jurisdiction over this appeal pursuant to V.I. Code Ann. tit. 4, § 33 and V.I. Code Ann. tit. 5, § 1423 (Equity 1967). Appeal of the Territorial Court's judgment regarding a writ of review is handled "in like manner and with like effect as from a judgment of such [Territorial Court] in a civil action." 5 V.I.C. § 1423. Thus, the lower court's findings of fact are reviewed under a clearly erroneous standard and its conclusions of law receive plenary review.

GERS argues that substantial evidence existed to support the administrative decision denying Hill duty disability benefits be-

---

[1] At that time, the Trial Division of this Court had jurisdiction over such petitions to review the actions of Virgin Islands agencies. See *infra* note 2.

[2] See V.I. Code Ann. tit. 4, § 76(a) (1994 Supp) (shifting original jurisdiction from the District Court to the Territorial Court in all civil actions); Dawson v. Government Employees Service Commission, VI BBS 92CI010.DT1 (D.V.I. May 19, 1994) (holding that the shift divested the District Court of original jurisdiction pertaining to petitions for writs of review filed pursuant to V.I. Code Ann. tit. 5, § 1423).

cause Hill should have known about the severity of her injuries as of December 30, 1985. In effect, GERS asks this court to conduct a de novo review of the petition brought in the Territorial Court. As noted above, this is not the standard we apply in reviewing the Territorial Court's February 22, 1993 Order.

The reviewing court applied the discovery rule to 3 V.I.C. 708(a), as did the Trial Division of this Court in its December 26, 1991 Opinion remanding the case back to GERS for a determination when Hill first knew or reasonably should have known of the permanency of her injury, whether she filed within six months as required by section 708(a), and whether her disability occurred within the scope of her duties. Section 708(a) states in pertinent part:

> (a) Any member who becomes totally and permanently incapacitated for service as the proximate result of bodily injuries sustained or a hazard undergone while in the performance and within the scope of his duties, if such injuries or hazard were not the consequences of the wilful negligence of the member, shall receive a duty disability annuity; Provided, That *application is not made more than six months after the date of the accident* if an accidental disability . . .; And provided, further, That notice of the accident shall have been filed in the office of the board within 30 days next following the date of the accident . . . . (emphasis added).

On remand, GERS concluded that Hill should have known the extent of her injuries as of December 30, 1985, less than a month after her accident. The court below vacated this decision, holding that Hill should not be expected to know the extent of her injuries until after consulting her physicians. It concluded that plaintiff did not know the true extent of her disability until she was first made aware of it through sufficient medical diagnosis by her physician in January 1987. Applying the discovery rule, the Territorial Court concluded that the six-month limitations period commenced as of January 30, 1987, and thus, Hill's application for a duty disability annuity was timely filed as of June 24, 1987.

■ Sitting as the highest arbiter of local law in the Territory,[3] this Court recently extended the discovery rule to actions brought against the Territorial Government under the Virgin Islands Tort Claims Act. *Daniel v. Government of the Virgin Islands*, 92CI70A.DX1 (D.V.I. App. May 26, 1994). The applicable section of the Tort Claims Act states that a personal injury claim "should be filed within 90 days after the accrual of such claim. . . ." This Court held that a claim under the Act accrues from the time a plaintiff is aware of her injury and its cause. This same reasoning applies to the filing of applications for retirement benefits under section 708(a). The six-month-filing period commences at the time an applicant knows or reasonably should know the extent of her injuries.

■ Under the Government's retirement system, a person may only apply for a duty disability annuity after she becomes totally and permanently incapacitated." A layperson cannot reasonably be expected to know when she is totally and permanently incapacitated without a medical diagnosis. Here, the evidence is unrebutted that Hill sought continuous medical attention after her accident and was first notified of her permanent disability by Dr. Payne in January 1987. The GERS Board of Trustees' decision incorrectly determined that Hill knew that she was permanently disabled as of December 30, 1985 when she filed her negligence action against Warren James. The Territorial Court was thus correct in both its application of law and findings of fact.

Although we agree with the court below, several factual issues which are not before this Court remain unresolved. This case was originally remanded to GERS to determine three issues: (1) whether Hill filed her application within 6 months of knowing the permanency of her injuries; (2) whether Hill gave GERS notice of the accident within thirty days; and (3) whether her disability occurred within the scope of her duties. Though somewhat unclear, GERS apparently found that Hill's application was untimely *and that she failed to give notice of the accident within thirty days.* GERS further denied her application for benefits without reaching the third issue. The Petition for Writ of Review filed in the Territorial

---

[3] See *Waialua Agricultural Co. v. Christian*, 305 U.S. 91, 109, 83 L. Ed. 60, 59 S. Ct. 21 (1938).

Court only asserted that GERS erred in declaring Hill's application untimely. While this issue is now resolved in Hill's favor, further proceedings are clearly necessary in order to determine whether Hill is entitled to duty disability benefits. We leave it to the court below to decide, in the first instance, whether GERS erred in finding that Hill did not give notice of the accident within thirty days, and in not reaching the issue of proximate cause.

## CONCLUSION

The judgment of the Territorial Court vacating the GERS Board of Trustees' decision and declaring Hill's application timely filed is affirmed. An appropriate order follows.

## ORDER OF THE COURT

AND NOW, this 20th day of October, 1994, after careful review of the record and having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Order dated February 22, 1993 is AFFIRMED, and the matter is REMANDED to the Territorial Court with instructions to conduct further proceedings consistent with this Court's Opinion.