**TERENCIA MADURO and YASMINE HECKER, Appellants**
**v.**
**P & M NATIONAL, INC., Appellee**

D.C. Civ. App. No. 93-133

District Court of the Virgin Islands

Div. of St. Croix

October 20, 1994

Ronald E. Russell, Esq., Sunny Isle, St. Croix, V.I., *for Appellants*

Eszart A. Wytner, Esq., (Wynter & Webster, P.C.), Frederiksted, St. Croix, V.I., *for Appellee*

THOMAS K. MOORE, *Chief Judge*, (District Court of the Virgin Islands); STANLEY S. BROTMAN, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and ISHMAEL A. MEYERS, *Judge* of the Territorial Court of the Virgin Islands, St. Thomas Division, Virgin Islands, Sitting by Designation.

On Appeal from the
Territorial Court of the Virgin Islands

## OPINION OF THE COURT

Appellants contend that the Territorial Court's dismissal entered November 9, 1992 should be reversed because: (1) the trial court erroneously granted appellee's motion to strike appellant's witnesses and exhibits and (2) the trial court erred in denying the judgment notwithstanding the verdict and/or a new trial based on the weight of the evidence. For the reasons set forth below, this Court will affirm the Territorial Court's dismissal.

## FACTUAL BACKGROUND

This appeal arises out of an action for damages for injuries resulting from fish poisoning, which Terencia Maduro and Yasmine Hecker ("appellants") allegedly contracted at the restaurant of P & M, National, Inc. ("appellee") on May 30, 1990. Appellants' two page Complaint dated April 21, 1991 stated in part:

5. Defendants *impliedly warranted* that the fish was fit for human consumption, and *failed to give Plaintiffs* any warning that

they might possibly become physically and emotionally injured as a result of eating said fish.

6. Plaintiffs . . . were poisoned as a result of consuming the fish at Defendants' restaurant, and became sick, sore and disabled.

WHEREFORE, Plaintiffs pray for judgment against the Defendants for such amount as would fairly and adequately compensate them for their losses, plus punitive damages in an amount sufficient to deter further such *negligence* by the Defendants, plus costs . . . . (emphasis added).

Appendix ("App.") for Appellants at A1-2.

Appellee filed its Answer and discovery requests on May 23, 1991. Appellants responded on July 31, 1991 to the interrogatories. On August 27, 1992, the trial judge scheduled a pretrial conference for October 22, 1992 and ordered that all discovery be completed by October 14, 1992. Appellee's pretrial memorandum, filed on October 7, 1992, stated that appellants had not provided all requested discovery.

On October 20, 1992, appellants answered the request for documents that was served on them more than a year earlier on May 23, 1991. In appellants' pretrial memorandum filed the day of the scheduled pretrial conference, several witnesses were listed who were not previously mentioned in appellants' responses to interrogatories.[1] At the conference, appellants moved for recusal of the trial judge, which the court found had no merit and denied several days later on the day of trial.[2]

Citing appellants' dilatory tactics, appellee filed a motion for protective order and sanctions on October 23, 1992, which the trial

---

[1] The witnesses were doctors and individuals who allegedly had also been poisoned at appellee's restaurant. App. for Appellants at A106-11. Counsel for appellants told the trial judge that his failure to disclose these witnesses before the eve of trial was excusable because counsel was not involved in the case when appellants first filed the action. *Id.* at A112. Counsel added that at least two of these 'surprise' witnesses would most likely be unavailable for trial. *Id.* at A113.

[2] App. for Appellants at A101-03. Appellants orally renewed their motion for recusal after the trial judge rejected appellant's assessment of the legal theory of the complaint and after the trial judge noted appellants' numerous failures to follow court rules and procedures. *Id.* at A216-17. The Territorial Court judge emphasized that appellants' displeasure with his rulings does not demonstrate bias or prejudice. *Id.*

judge did not see until the following work day, the day of trial.[3] The court chided appellants' counsel for the failure to disclose "crucial witnesses" and prohibited appellants from calling several witnesses whose identities were disclosed late. *Id.* at A114-21. Witnesses who had previously been disclosed were permitted to testify.

Before trial, appellee complained that no exhibits were provided during discovery. Appellants countered by stating that they would present no exhibits at trial. *Id.* at A123. During trial, appellants unsuccessfully attempted to introduce documents at trial that were not previously shared with appellee. *Id.* at A142-45. The court also denied the parties' stipulated motion to continue filed in late October, citing its two year backlog caused in part by the court's liberal grant of continuances.[4]

Finally, when asked in Chambers if "[y]ou filed a complaint based on negligence among other things," appellants replied, "[y]es." *Id.* at A111. Appellants submitted jury instructions for negligence, and the limited record provided on appeal reveals that the theory of negligence arose no fewer than five times during the course of trial. Half-way through trial, however, appellants requested alternative relief based on theories of implied warranty and failure to warn (strict liability). *Id.* at A245-59. The trial judge initially overruled appellants' objection, but after reconsidering, permitted appellants to introduce evidence of both strict liability and negligence.[5] At the close of appellants' case, appellee's motion for directed verdict regarding the claim of negligence was granted, and only the claim of strict liability went to the jury. *Id.* at A263, A276.

---

[3] App. for Appellants at A103. Appellee indicated that before filing the motion, it followed up the initial discovery request with letters to appellants in attempt to obtain the requested information. Appellants' counsel represented in chambers that he just obtained the requested information from his clients, including witness names, the Saturday before the Monday morning trial. Counsel further stated that he attempted to pass the relevant information to appellee's counsel in chambers before trial.

[4] The court emphasized that the parties had sufficient advance notice regarding the trial date. App. for Appellants at A123-24; A142-45.

[5] App. for Appellants at A259. The trial judge stated that he was liberally ruling on the characterization of the claim to create a complete record for appellate purposes.

At the conclusion of the three-day trial, the jury found that appellee did not breach an implied warranty of merchantability by selling poisoned fish to appellants. The Territorial Court entered an Order dismissing the action with prejudice on November 9, 1992. Appellants moved for judgment notwithstanding the verdict or in the alternative, for a new trial on November 23, 1992.[6] The judge denied the motion on January 28, 1993, citing noncompliance with the strict 10 day filing deadline pursuant to Fed. R. Civ. P. 50(b).[7] This appeal ensued.

## DISCUSSION[8]

Prohibiting introduction of undisclosed exhibits
and testimony of witnesses identified
immediately before trial

 Sanctions and evidentiary prohibitions are reviewed on appeal for abuse of discretion. Cooter & Gell v. Hartmarx Corp.,

---

[6] Appellee opposed the motion, noting appellants' failure to move for judgment as a matter of law at the close of all evidence, a prerequisite pursuant to Fed. R. Civ. P. 50(b).

[7] Pursuant to our limited record, we cannot review the filing dates, but agree that V.I. Terr. Ct. R. 9 does not permit review of the untimely motion under its computation of time scheme. The trial judge also detailed some of the underlying currents of hostility between parties' counsel, the unprepared presentation by appellants, and the fact that, notwithstanding their own wording in their complaint and discovery, appellants now contend that the negligence claim should not have been presented to the jury.

[8] This Court summarily rejects four of the six challenges argued by appellant:

First, appellants contend that their vague complaint should have been liberally construed to permit recovery under alternative theories of negligence and strict liability. Although complaints are liberally construed pursuant to Fed. R. App. P. 8(f) to do substantial justice under any legally sustainable basis, such interpretation is seldom permitted to prejudice defendant by sacrificing defendant's right to minimal notice. See generally Wright and Miller, Federal Practice and Procedure: Civil 2d § 1216 (1990 and 1994 Supp.). We find that the trial court acted reasonably, and that appellants have not shown any prejudice or harm which rises to the level of reversible error. See Viger v. Commercial Ins. Co., 707 F.2d 769 (3d Cir. 1983) (finding that the failure to warn in a fish poisoning claim was described in the complaint as an element of negligence, not strict liability).

Second, appellants cite Battiste v. St. Thomas Diving Club, Inc. 15 V.I 184 (D.V.I. 1979) to support their contention that the trial court erred in not instructing the jury regarding appellee's failure to warn. Battiste does not require an instruction on the failure to warn, and appellants have not demonstrated that such warning is required. Ross v. Up-Right, Inc., 402 F.2d 943, 946 (3d Cir. 1968) (finding that neither UCC or strict liability approaches require a finding of failure to warn). There is no chance that a miscarriage of justice resulted from the court's instructions. Id. at 948.

496 U.S. 384, 385, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990). The question before this Court is not whether we would have imposed the same prohibition in the first instance, but whether the trial court abused its discretion by doing so. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640-43, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976).

Fed. R. Civ. P. 37(b)(2) permits a trial court to impose sanctions, including prohibiting use of evidence or claims at trial, for failure to obey discovery orders and/or for misleading a party.[9] Appellants provided little if any accurate discovery, despite the court's mandate that discovery be completed before the pretrial conference. As a result, appellee had no prior notice of the identity of many of appellant's witnesses, making it impossible to complete discovery.

Appellants were also evasive in answering appellee's discovery requests regarding the claim of negligence. Because discovery is a crucial pre-trial device, courts curb its abuse by imposing sanctions to protect a complying party from prejudice. Nonetheless, the trial court overlooked appellant's omissions, instead focusing on appellants' last-minute replies. Appellants' actions nevertheless frustrated the objectives of discovery, and blatantly ignored the trial court's pre-trial directive.

■ ■ The trial judge did not dismiss the negligence claim as a sanction for appellant's noncompliance with discovery. A less

---

Third, because we find that the trial court reasonably construed the complaint as presenting a negligence claim, the admission of evidence regarding negligence was appropriate. App. for Appellants at A111-14, A147, A186, A225-26, A229-32 (documenting appellants' numerous references to support their negligence claim).

Finally, appellants' claim that the trial judge erred by denying their motion for recusal is meritless. The mere observation that the trial judge presided over a previous case involving appellant in a small claims matter does not come close to demonstrating bias. Government of the Virgin Islands v. Gereau, 11 V.I. 265, 295-300 (3d Cir. 1974). Appellants have failed to allege, let alone establish, any facts that indicate that the trial judge was biased or prejudiced. V.I. Code Ann. tit. 4, § 284 (1967). To the contrary, the record is replete with examples where the trial judge liberally construed all of appellants' claims and objections in his effort to accommodate appellants.

[9]Fed. R. Civ. P. 37(b) does not allow haphazard punishment or deny plaintiff its day in court for an inability to comply with a discovery request. See generally 4 Moore's Federal Practice 37-68 (1994). However, acts of bad faith, gross negligence, or wilful noncompliance by a party will sometimes result in dismissal or less drastic sanctions. Id. at 37-70, 37-71. In general, courts have discretion to impose whatever sanctions are appropriate "to hold the scales of justice even." Wright and Miller, Federal Practice and Procedure: Civil 2d § 2284 (1970 and 1994 Supp.).

drastic measure was instead ordered, the exclusion of witnesses not timely disclosed. We find this exclusion appropriate and just, since it was the least disruptive sanction available to the court that would prevent prejudice to appellees, short of a continuance. See United States v. 68.94 Acres of Land, More or Less, 918 F.2d 389 (3d Cir. 1990) (permitting exclusion of certain evidence that was intentionally not disclosed previously). In review of the facts recited in this appeal, the short time period in which appellee had to review the newly disclosed materials prior to trial, and the judge's reasonable denial of a continuance, we hold that the trial court did not abuse its discretion in prohibiting appellants from using witnesses disclosed to appellee only days before trial. In addition, appellants' refusal to provide copies of exhibits before trial, combined with the unequivocal statement that no exhibits would be proffered,[10] demonstrate that the trial judge's refusal to permit appellants to use exhibits during trial was not an abuse of discretion.

## Denial of the motion for judgment notwithstanding the verdict and/or a new trial

■ Appellants contend that the trial court erred when it denied their motion for judgment notwithstanding the verdict and/or a new trial. Fed. R. Civ. P. 50(b) clearly states that a judge may reconsider a motion for judgment as a matter of law after entry of judgment only if the motion was renewed or "made at the close of all the evidence."[11] The Third Circuit strictly adheres to this rule.[12]

---

[10] App. for Appellants at A123.

[11] The Notes of the Advisory Committee on the 1963 Amendments to the Rules state that "[a] motion for judgment notwithstanding the verdict will not lie unless it was preceded by a motion for a directed verdict made at the close of all the evidence." Fed. R. Civ. P. 50(b), Notes of the Advisory Committee on Rules, 1963 Amendments. This prerequisite gives opposing counsel an opportunity to cure the defect in proof and prevents a litigant from gambling on a jury verdict and later questioning the sufficiency of the evidence on appeal. Quinn v. Southwest Wood Products, Inc., 597 F.2d 1018, 1024-25, reh'g denied, 603 F.2d 860 (5th Cir. 1979).

[12] The introduction of evidence by the defendant after the denial of the request for directed verdict constitutes a waiver of any error if not renewed at the close of all evidence. Gebhardt v. Wilson Freight Forwarding Co., 348 F.2d 129, 132 (3d Cir. 1965); see Yohannon v. Keene Corp., 924 F.2d 1255, 1263 (3d Cir. 1991) (stating that "Gebhardt remains the law of this Circuit unless overruled in banc"); Beebe v. Highland Tank and

Appellants never moved for directed verdict. We therefore hold that the trial court properly denied appellants' motion for judgment notwithstanding the verdict. See Antilles Insurance, Inc. v. James, VI BBS 92CI27A.DT1 (D.V.I. App. July 6, 1994).

## CONCLUSION

For the foregoing reasons, we affirm the Territorial Court's dismissal of appellants' action with prejudice on November 6, 1992. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 20th day of October, 1994, after careful review of the record and having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Order dated November 9, 1992 is AFFIRMED.

---

Manufacturing Company, 373 F.2d 886, 888 (3d Cir.), cert. denied, 388 U.S. 911 (1967). More recently, the Third Circuit has declared that "the constitutional and procedural issues are so important that we are unwilling to make the supposition that the bench and the adverse party have sufficient notice." Lowenstein v. Pepsi-Cola Bottling Co. of Pennsauken, 536 F.2d 9, 12, n.7 (3d Cir.), cert. denied, 429 U.S. 966, 50 L. Ed. 2d 334, 97 S. Ct. 396 (1976) (rejecting the Fifth Circuit's exception in Jack Cole Co. v. Hudson, 409 F.2d 188, 191 (5th Cir. 1969)).