**UNITED STATES of America,**

v.

**Carlos MARTINEZ, Appellant.**

No. 02–2308.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on April 28, 2003.

Decided June 2, 2003.

**514**

Before ROTH, McKEE and COWEN Circuit Judges.

## OPINION

ROTH, Circuit Judge.

A jury found defendant Carlos Martinez[1] guilty of five counts stemming from a drive-by shooting that occurred on December 18, 1999. Carlos filed post-judgment motions for acquittal and for a new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. The District Court for the Virgin Islands then granted judgment of acquittal on two of the five counts. The remaining counts of conviction were (1) attempted first degree murder, and aiding and abetting thereof, in violation of 14 V.I. CODE §§ 11, 331, 922(a)(1) (Count 1); (2) possessing, bearing, transporting and carrying a firearm during a crime of violence, and aiding and abetting thereof, in violation of 14 V.I. CODE §§ 11, 2253(a) (Count 2); and (3) possessing, bearing, transporting or carrying a sawed-off shotgun during the commission of a crime of violence, and aiding and abetting thereof, in violation of 14 V.I. CODE §§ 11, 2253(b) (Count 10).[2]

Carlos appeals his convictions. He claims that the District Court erred because the government did not prove beyond a reasonable doubt either the essential elements of attempted first degree murder or his possession or transportation of a firearm during the commission of the attempted murder. Carlos also claims

that the District Court abused its discretion when it denied his motion for a new trial.

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(3) to review the final judgment of the District Court of the Virgin Islands. We will affirm a conviction if the trier of fact *could* have found the defendant guilty beyond a reasonable doubt, provided substantial evidence supports the verdict. *United States v. Applewhaite*, 195 F.3d 679, 684 (3d Cir.1999). We review the ruling on a motion for a new trial for abuse of discretion. *United States v. Adams*, 759 F.2d 1099, 1108 (3d Cir.1985).

### I. Attempted First Degree Murder (Count 1)

■ The Government was required to prove beyond a reasonable doubt that (1) Carlos, aided and abetted by another, attempted to murder Eddie Martinez, 14 V.I. CODE § 11, 331; (2) the attempted killing was "wilful, deliberate and premeditated," and was committed with "malice aforethought," 14 V.I. CODE §§ 921–22(a)(1); and (3) Carlos, aided and abetted by another, took a substantial step toward the murder of Eddie. *Parson v. Gov't of the Virgin Islands*, 167 F.Supp.2d 857, 860 (D.Vi.2001). The Government is entitled to the benefit of reasonable inferences that may be derived from evidence in the record. *Gov't of the Virgin Islands v. Roldan*, 612 F.2d 775, 781 (3d Cir.1979). The elements for conviction may be based on circumstantial evidence. *Id.*

Carlos claims that the government's evidence is insufficient to establish that he

---

1. Throughout this opinion, the defendant, Carlos Martinez, will be referred to as "Carlos," and the victim, Eddie Martinez, will be referred to as "Eddie," to avoid confusion.

2. Carlos was found not guilty by the jury on six counts, including the charged federal offenses.

aided and abetted in the attempted murder of Eddie. Evidence showed that Carlos rolled down Marciano Ayala's window immediately before the shooting,[3] drove the vehicle away from the scene of the crime, stopped to allow disposal of the guns, and attempted to elude the police. The fact that several of these acts took place after the drive-by shooting does not preclude them from being considered as aiding and abetting in the attempted murder. *Gov't of the Virgin Islands v. Navarro*, 513 F.2d 11, 15 (3d Cir.1975) (concluding that "evidence of acts subsequent to the commission of the crime is competent to prove a common design"). Further, we have held that an attempt to hide a weapon used to commit a crime is convincing evidence that an individual committed the crime. *Roldan*, 612 F.2d at 782. We find that there was sufficient evidence for a jury to reasonably conclude that Carlos aided and abetted in the attempted murder of Eddie.

Moreover, the testimony, establishing that Carlos borrowed a car that would be inconspicuous at the John F. Kennedy Public Housing Community (JFK), claimed that he was going to drive his mother to the funeral but did not, claimed that he and his co-defendants drove to JFK to purchase marijuana but did not, and backed the car up a distance into a parking lot where Eddie was standing, demonstrates that he acted willfully, deliberately and with premeditation.

An individual takes a substantial step in the commission of a crime when he or she engages in conduct that is greater than "mere preparation," but does not necessarily consist of the final act required to commit the substantive crime. *United States v. Rosa*, 11 F.3d 315, 337 (2d Cir.

1993). We find that a reasonable jury could have concluded that Carlos' actions as the driver, including procuring the vehicle used to commit the crime, driving away from the crime and attempting to elude the police, and driving to a location to dispose of the weapons were substantial steps in the commission of the attempted murder of Eddie.

## II. Possession of Firearm (Count 2)

Carlos was convicted of illegal possession of a firearm during the commission of a violent crime. The Government was required to prove beyond a reasonable doubt that Carlos (1) aided and abetted by another, possessed a firearm; (2) was without authorization of law when he possessed the firearm; and (3) had proximate control of the firearm during the commission of the attempted murder. 14 V.I. CODE §§ 2253(a) & 11. The evidence shows that three guns were present in the vehicle at the time of the shooting: the hand guns that Ayala and Frank Wilson fired and the shotgun. Further, there is evidence that prior to the shooting Carlos was present when Wilson removed his gun to place it under the vehicle's front seat and Ayala noticed the shotgun under the front seat. We find that there was sufficient evidence for a jury to reasonably conclude that Carlos possessed a firearm and aided and abetted his co-defendants in the possession of a firearm.

Carlos claims that the firearms were not within his proximate control. The Supreme Court has held, however, that when a firearm is in the passenger compartment of a vehicle, it is accessible and may be within the control of the passenger. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct.

---

3. When Carlos rolled down Ayala's window, Carlos was sitting in the driver's seat and Ayala was sitting in the rear seat of the vehicle. Carlos' assistance is particularly interesting because it presumably would have been easier for co-defendant Raymond Jarvis to assist Ayala with his window because Jarvis was sitting next to Ayala.

2860, 69 L.Ed.2d 768 (1981); *see also United States v. McKie*, 112 F.3d 626, 629 (3d Cir.1997). There is evidence that all three guns were in the passenger compartment of the vehicle at the time of the shooting. This evidence is sufficient for a jury reasonably to conclude that Carlos had proximate control over the firearms in the vehicle during the attempted murder of Eddie.

### C. Possession of Sawed–Off Shotgun (Count 10)

■ Carlos was convicted of possession of a sawed-off shot gun during the commission of a violent crime. A sawed-off shotgun is "any firearm designed to fire through a smooth bore either a number of ball shot or a single projectile, the barrel of which is less than 20 inches in length." 14 V.I.C. § 2253(d)(3). The shotgun that was taken from Carlos' car measured thirteen inches in length and qualifies as a sawed-off shotgun under Virgin Islands law. Additionally, there was evidence that Carlos' co-defendants knew the shotgun was in the vehicle.

We find sufficient evidence to support this conviction. In coming to this conclusion as to each count, we naturally also conclude that the District Court properly denied the motion for acquittal on all three counts.

### III. Motion for a New Trial

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a court "*may* vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CIV. P. 33(a) (emphasis added). Although the standard of review for a motion for a new trial is broader than that for acquittal, motions for new trials are disfavored and are only granted with great caution and at the discretion of the trial court. *United States v. Allen*, 554

F.2d 398, 403 (10th Cir.1977). Based on our analysis concerning Counts 1, 2 and 10, we find that the District Court did not abuse its discretion when it denied Carlos a new trial. Further, Rule 33(a) is a permissive rule, rather than a mandatory one. Because a new trial was not required for justice to be served, we affirm the District Court's denial of a new trial.

### IV. Conclusion

For the reasons stated above, we will affirm the judgment of conviction.