**UNITED STATES of America**

v.

**John Michael CRIM, et al., Defendants.**

**No. 06–CR–00658–2.**

United States District Court,
E.D. Pennsylvania.

June 12, 2008.

Amy L. Kurland, Asst. U.S. Atty., U.S. Attorney's Office, Philadelphia, PA, for United States of America.

Jack L. Gruenstein, Kathleen M. Nagle, Vaira & Riley PC, Philadelphia, PA, for Defendants.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

### I. Background

On January 28, 2008, a jury convicted Defendant John Brownlee ("Defendant" or "Brownlee") of one count of conspiring to defraud the United States, in violation of 18 U.S.C. § 371 (a *"Klein"* conspiracy, after *U.S. v. Klein*, 247 F.2d 908 (2d Cir. 1957)), and one count of corruptly endeavoring to interfere with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). These convictions stemmed from evidence of Brownlee's involvement with Commonwealth Trust Company ("CTC"), a company that sold sham financial-planning devices designed to help "customers" hide assets from the Internal Revenue Service ("IRS").

Brownlee now moves for a judgment of acquittal on the corrupt endeavor count, pursuant to Federal Rule of Criminal Procedure 29, contending that the evidence presented during trial was insufficient to sustain a conviction. He also moves for a new trial on both counts, pursuant to Federal Rule of Criminal Procedure 33, arguing that two evidentiary rulings were erroneous and unduly prejudicial.

## II. Discussion

### A. Rule 29 motion for acquittal (insufficient evidence)—Count 2

▮ Rule 29 provides, in pertinent part: "[t]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R.Crim.P. 29(a). The court's duty in considering a motion for judgment of acquittal under Rule 29 is to determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence must be viewed as a whole, in the light most favorable to the prosecution, and we must presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences. *U.S. v. Iafelice,* 978 F.2d 92, 94 (3d Cir.1992). The jury's verdict must be upheld unless, after a careful review of the evidence in the light most favorable to the prosecution, the court concludes that no rational jury could have found the defendant guilty beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781. The evidence need not unequivocally point to Defendant's guilt as long as it permits the jury to find Defendant guilty beyond a reasonable doubt. *U.S. v. Pungitore,* 910 F.2d 1084, 1129 (3d Cir.1990).

The crime of corruptly endeavoring to impede the administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a) has three elements. The Government must prove that Brownlee,

(1) knowingly and deliberately made an effort;

(2) with the intent to secure an unlawful advantage or benefit either for himself or for another; and

(3) that such effort has a reasonable tendency to hinder or prevent the IRS's efforts to collect, assess, and determine the tax liabilities of individuals and companies. Jury Instructions (Doc. # 499) 35–37. Brownlee argues that the Government's evidence was insufficient to sustain its burden of proving each of these three elements to the jury beyond a reasonable doubt.

First, the Government must prove that Brownlee made a knowing and deliberate effort. Brownlee argues that the Government could not prove this element because it could not convince a reasonable jury that Brownlee gave an audiovisual presentation on May 10, 2000, at a CTC customer meeting in Lancaster, Pennsylvania, about liens on property designed to prevent the IRS from collecting income tax rightfully belonging to it. This argument is unpersuasive. When IRS Special Agent Christopher Hueston infiltrated the May 10 conference, he found an agenda that included a presentation by Brownlee on "Legal Substance of Liens (Protection)." GX 220. That document was discovered within hours of the presentation timeframe indicated on the agenda. At the same time, Agent Hueston discovered a page of handwritten notes about liens. GX 240. The note-taker wrote the initials "J.B." and the date "5/10/02" at the top of the page. Further, the substance and wording of the notes bears a strong similarity to the Microsoft PowerPoint slides submitted by Brownlee as his own trial exhibit. JB 72. And CTC member Wayne Rebuck testified that Brownlee discussed liens at the May 10 meeting in particular. Also, other documentary and audio evidence indicated that Brownlee spoke about liens at other CTC meetings. *See, e.g.,* JB 23; GX 613.

Second, the Government must prove that Brownlee made this effort (the May 10, 2000 CTC presentation) with the intent to secure an unlawful advantage for him-

self or others. Brownlee argues that, even assuming proof of the speech, the Government could not have convinced a reasonable jury that Brownlee delivered the lecture with the requisite unlawful intent. Again, Brownlee's contention fails. The same evidence that sufficed to prove a knowing and deliberate effort could also lead a reasonable jury to conclude that Brownlee made that effort (the presentation) intending that the listeners put his advice into practice and shield their income from the IRS. For example, Brownlee's prior lectures had included instructions on illegally liening property for greater than its market value, in order to create the misleading impression of indebtedness. JB 23.

Third, the Government must prove that Brownlee's effort has a reasonable tendency to hinder the IRS's tax-collection efforts. Brownlee contends that the Government cannot meet this burden, but he is mistaken. The evidence that sufficed to prove a knowing and deliberate effort made with the intent to secure benefit for himself or others could also lead a reasonable jury to conclude that the presentation has a reasonable tendency of obstructing the IRS's proper determination and collection of income tax. This is because the evidence suggests that the express goal of the lecture was to shield certain income and prevent the IRS from ever discovering it in the first place.

■ Thus, the Government's evidence amply allows a rational trier of fact to conclude beyond a reasonable doubt—as did the actual jury in this case—that the Government proved that Brownlee (1) knowingly and deliberately made an effort; (2) with the intent to secure an unlawful advantage or benefit either for himself or for another; and (3) that such effort has a reasonable tendency to hinder or prevent the IRS's efforts to collect, assess, and

determine the tax liabilities of individuals and companies.

### B. Rule 33 motion for new trial (undue prejudice)

■ Under Federal Rule of Criminal Procedure 33, upon the defendant's motion, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). Although the standard of review for a motion for a new trial is broader than that for acquittal, motions for new trials are disfavored and are only granted with great caution and at the discretion of the trial court. *U.S. v. Martinez*, 69 Fed.Appx. 513, 516 (3d Cir.2003). A court may grant a motion for new trial pursuant to Rule 33 if it finds that errors occurred during the trial, and it is reasonably possible that such error, or combination of errors, substantially influenced the jury's decision. *U.S. v. Copple*, 24 F.3d 535, 547 n. 17 (3d Cir.1994).

Brownlee contends that two errors warrant ordering a new trial: (1) admission of a page of handwritten notes found at the May 10, 2000 CTC conference, and (2) admission of Brownlee's failure to file federal income tax returns from 2000 until 2003.

### 1. Handwritten notes found at May 10, 2000 CTC conference

■ Brownlee argues that the page of handwritten notes recovered from the May 10, 2000 CTC conference was inadmissible because there was no evidence linking Brownlee to the notes, there was no evidence that the notes were written by one of Brownlee's co-conspirators, and there was no evidence that Brownlee otherwise adopted the note; and in any case, the note was inadmissible hearsay. Def.'s Mot. (Doc. # 522) 5–6. He made this objection orally at sidebar during trial, as

well. But, as I ruled then and as I will rule here, the note is not even hearsay, much less inadmissible hearsay.

As to evidence linking Brownlee to the notes, the Government persuasively argues that coconspirator Rebuck's testimony indicated that Brownlee was present at the May 10, 2000 meeting and spoke about the subject of liens—precisely the material described in the handwritten notes. Further, the Government points out that Agent Hueston recovered the notes from the conference meeting room just hours after Brownlee's presentation was scheduled to have concluded. And finally, Brownlee had previous spoken on the topic of liens at a 2002 CTC event.

As to the hearsay issue, a statement is hearsay only if offered "to prove the truth of the matter asserted." Fed.R.Evid. 801(c). The text of the notes describe certain tax and legal attributes of liens. GX 240 ("Property that is encumbered beyond its FMV is not salable"; "Liens can protect property from the IRS"; "Property should be liened when mortaged only"; "All clients should lien"). Quite clearly, the Government did not offer the handwritten notes to prove the truth of the legal and tax advice they contain. The Government convincingly argues that it had no interest in proving that encumbered property is indeed not salable, that liens can indeed protect property from the IRS, or that property should indeed be liened only when mortgaged.

Brownlee further argues that the marks "J.B." and "5/10/02" on the page of notes made the notes hearsay because they were offered to prove Brownlee actually gave the presentation on May 10, 2002. However, as the Government correctly observes, Third Circuit precedent holds that the Government may introduce marks such as names and addresses in address books, on letters, and on scraps of paper such as the one at issue in this case, not to prove that

Brownlee actually gave the presentation but to "circumstancial[ly] ... link John Brownlee to the CTC meeting room"— from where the notes were physically recovered—more generally. Gov't's Resp. (Doc. # 551) 9–10; *U.S. v. Reilly*, 33 F.3d 1396, 1410 (3d Cir.1994); *U.S. v. McGlory*, 968 F.2d 309, 332–333 (3d Cir.1992).

## 2. *Brownlee's 2000–2003 failure to file federal income tax returns*

Brownlee next argues that evidence of his failure to file federal income tax returns during the period of the conspiracy—that is, from 2000 until 2003—is inadmissible. He argues that these failures to file are not relevant to proof of Brownlee's intent to defraud in violation of 18 U.S.C. § 371. Def.'s Mot. 10. Brownlee further argues that the Government never made a successful link between his failures to file and his use of fraudulent CTC trust documents. He made this objection at trial, as well. I overruled it and admitted the evidence.

■ To prove conspiracy to defraud the United States, the Government must prove, among other things, that Brownlee specifically intended to cheat the United States out of money or property rightfully belonging to it. Jury Instructions 25–27. Brownlee's failure to file income tax returns from 2000 until 2003—including the life of the charged conspiracy—indicates that he was interested in keeping money out of the rightful hands of the IRS during that time. As the Government persuasively argues, this fact tends to make more likely the inference that his intent in conspiring with the other CTC members named in the indictment was also to keep money out of the rightful hands of the IRS, as opposed to some other purpose such as to avoid embarrassment from disclosure of personal financial information. This is all that Federal Rules of Evidence

require in terms of relevance. Fed. R.Evid. 401. Therefore, admission of the 2000–2003 failures to file was proper.[1]

Second, as the Government observes, ample evidence that Brownlee actually converted this intent into action and used the fraudulent CTC products himself was presented. For example, Brownlee used pure trust organization ("PTO") known as Arvida to store the proceeds of his sales of private company trusts ("PCT") to CTC customers. GX 307, 308. The government also presented evidence and testimony indicating that Brownlee strategized with other CTC members as to how best to use mail-forwarding services to avoid IRS detection. GX 244, 534, 700.

In any event, any undue prejudice to be considered in the Rule 403 balancing inquiry does not outweigh the probative value of this evidence going to the heart of Brownlee's conscious object in joining the conspiracy. Further, any such prejudice was mitigated by the Government's reminder to the jury at closing argument that Brownlee was not on trial for failure to pay taxes.

### ORDER

AND NOW, this 12th day of June, 2008, it is ORDERED that the Motion of Defendant John Brownlee for Judgment of Acquittal Pursuant to Fed.R.Crim.P. 29(c) and Motion for New Trial Pursuant to Fed.R.Crim.P. 33 (Doc. # 522) is DE-NIED.

---

1. It should also be noted that Brownlee cites no case indicating that admitting evidence of failure to file during the life of a Klein conspiracy is an abuse of discretion.